# Commonwealth *v.* Williams, Appellant.

*Constitutional law—Title of act—Inquiring into fires—Special and local legislation—Arson—Criminal law.*

1. The Act of April 17, 1869, P. L. 74, entitled "An Act to provide a mode of inquiring into fires" is not defective in title, and therefore unconstitutional.

2. The Act of April 17, 1869, P. L. 74, is not unconstitutional as special and local legislation, because the city of Philadelphia and the county of Allegheny are excluded from its operation, inasmuch as the constitutional provision as to local and special legislation in the constitution of 1874, is not retroactive.

*Criminal law—Arson—Indictment—Information—Act of April 17, 1869, P. L. 74.*

3. An indictment for arson will not be quashed because the justice of the peace and the jury of three who made the preliminary inquiry, in accordance with the Act of April 17, 1869, P. L. 74, upon which the indictment was based, were policy holders in mutual insurance companies which had issued policies on the building which had been burned.

4. An indictment for arson will not be quashed, because the defendant testified in proceedings instituted under the Act of April 17, 1869, P. L. 74, to inquire into the origin of the fire.

5. An indictment for arson will not be quashed because it was not based upon information in the usual form, where it appears that the three jurors constituting a jury of inquiry under the Act of April 17, 1869, P. L. 74 had reported under oath that the defendant was an accessory to the burning and requested the justice holding the inquest to issue a warrant for the defendant's arrest; nor is it a ground for quashing such an indictment that there was no hearing after the defendant's arrest, where it appears that the defendant did not demand a hearing, nor raise any objection to the validity of the warrant, nor take any proceeding to be discharged on that ground.

Argued March 12, 1913.    Appeal, No. 22, March T., 1913, by defendant, from order of Q. S. April T., 1911, No. 75, refusing to quash indictment in case of Commonwealth v. Charles F. Williams.    Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ.    Affirmed.

Motion to quash indictment.

Wanner, J., filed the following opinion:

The defendant is charged in this indictment with having burned his own barn with intent to cheat and defraud certain insurance companies, by whom it was then insured.    The motion to quash this bill is not based upon any misconduct of the grand jury, or upon any legal defect in the form or substance of the bill itself, but chiefly upon the fact that the justice who issued the warrant against the defendant, and the jurors who found the defendant to have been accessory to the burning, under the provisions of the Act of April 17,

1869, P. L. 74, were policy holders in said insurance companies.

Said act provides that whenever it shall be made to appear upon the affidavit of a credible witness that any building has been set on fire maliciously or burned from an unknown cause, any justice of the peace of the borough or township wherein such fire occurred, upon the request of any citizen thereof, or of any president, secretary, or agent of any insurance company having a policy in force on the premises burned, shall summon three jurors to determine the cause of such fire.

In this case, the jury so impaneled certified to the justice of the peace that the defendant, Charles F. Williams, was an accessory to the burning of said building, whereupon the magistrate issued a warrant against him, charging him with said offense, as directed by the act of assembly. Upon these proceedings, duly returned to the district attorney, this bill of indictment was drawn and sent to the grand jury.

It is strenuously contended by the defendant, that the fact that the jurors and the justice were policy holders in these mutual fire insurance companies, and therefore subject to assessment for this loss, disqualified them from acting in this case on the ground of interest.

If they had entered a judgment, or made any final or adverse adjudication as to the person or property of the defendant, this exception would be well taken, even though their supposed interest in the case, as appears from the testimony, may have been but a few cents each. But such was not the case, nor was the proceeding in which they were sworn to act as jurors, one to which the defendant was then a party of record, or which was in the first instance directed against him.

It was merely a general inquiry into the cause of the fire, conducted under the provisions of an act entitled, "An act to provide a mode of inquiry into the origin of fires." The supposed interest of the jurors is not made a disqualification under the terms of the act,

which indeed contains one provision leading to a contrary inference, viz.: that which makes the president, secretary or agent of any insurance company having a policy on the buildings burned competent to make the request upon which the magistrate is required to start this proceeding.

Neither do we think such an interest would be sufficient under the ordinary rules of criminal practice to prevent these jurors from acting in this capacity, though it may be somewhat similar to that of an ordinary prosecutor in a case. It is a general rule that interest does not disqualify a party from becoming the prosecutor in a criminal case, and as a matter of fact in cases of larceny and similar offenses, they are usually directly interested.

The magistrate seems to have no discretion in the matter of issuing his warrant, as the act is mandatory as to that, if the jurors certify to him who, in their opinion, is the guilty party. His apparent interest, therefore, would be entirely immaterial because it could not affect his action in the case. But neither he or any of the jurors really has any direct interest in the criminal case itself, or in the judgment that may be entered therein, because it can in no way affect them financially, or personally.

The commonwealth and the defendant are the only parties in this criminal issue, whilst any financial interests or liabilities which the justice and the jurors may have by virtue of their contracts of insurance, must be determined in another court, and in another case.

We are, therefore, of the opinion, that the objection to the bill on the ground of the supposed interest of the justice and the jurors in this case, is not a valid one.

The other objection insisted on is that this method of procedure is in violation of the constitutional provision that no citizen shall be deprived of life, liberty or property except by "due process of law." But while

this is not the usual common-law form of starting criminal proceedings, it is one expressly authorized by statute in this commonwealth, and must therefore be recognized by the courts as "due process of law" unless the Act of April 17, 1869, P. L. 74, is itself unconstitutional. No sufficient reason for reaching that conclusion, however, has been shown by counsel, or discovered by the court.

Now, to wit, December 18, 1911, the motion to quash the bill of indictment in this case is overruled.

*Error assigned* was order refusing to quash indictment.

*John A. Hoober,* with him *John J. Bollinger* and *Joseph R. Strawbridge,* for appellant.—An indictment founded on an unsigned information is incurably bad: Com. v. Schall, 5 York Legal Record, 137; Hammond Lumber Co. v. Sailors Union of the Pacific, etc., 167 Fed. Repr. 809.

The jurors were interested: Northampton v. Smith, 52 Mass. 390; Smith v. Bradstreet, 33 Mass. 264; Martin v. Farmers Mut. Fire Ins. Co., 139 Mich. 148 (102 N. W. Repr. 656); McElhannon v. State, 99 Ga. 672 (26 S. E. Repr. 501); Moore v. Ins. Co., 107 Ga. 199 (33 S. E. Repr. 65); Price v. Patrons, etc., Home Protection Co., 77 Mo. App. 236.

The title of the act is defective: Brown's Estate, 152 Pa. 401; Phœnixville Boro. Road, 109 Pa. 44; Ridge Ave. Pass. Ry. Co. v. Phila., 124 Pa. 219; Com. v. Frantz, 135 Pa. 389; Com. v. Samuels, 163 Pa. 283; Com. v. Severn, 164 Pa. 462; Gackenbach v. Lehigh County, 156 Pa. 448; Payne v. Coudersport Boro. School Dist., 168 Pa. 386; Evans v. Willistown Twp., 168 Pa. 578; Mt. Joy Boro. v. Turnpike Co., 182 Pa. 581; Otto Twp. Road, 181 Pa. 390.

The act perpetually excludes any other city that may become as populous as Philadelphia or any other county that may become as populous as Allegheny—for this

reason it is unconstitutional: McCarthy v. Com., 110 Pa. 243; Morrison v. Bachert, 112 Pa. 322; Scranton v. Silkman, 113 Pa. 191.

*James St. Clair McCall,* with him *Frank M. Bortner* and *Ray P. Sherwood,* district attorney, for appellee.

OPINION BY RICE, P. J., October 13, 1913:

This case grew out of proceedings under the Act of April 17, 1869, P. L. 74, entitled, "An Act to provide a mode of inquiring into fires." The jury of three, appointed in accordance with the provisions of sec. 2 of the act, having found and reported, as provided in sec. 3, that reasonable cause existed for believing that the defendant was accessory to the willful setting fire to the building in question, the justice holding the inquest issued a warrant, in accordance with the direction of the latter section, for the arrest of the defendant. By virtue of this warrant he was brought before the justice and there gave bail for his appearance at the next court of quarter sessions to answer such charges as should be preferred against him. The proceedings having been duly returned, an indictment was framed by the district attorney, and returned a true bill, charging the defendant substantially in the words of sec. 139 of the Penal Code, Act of March 31, 1860, P. L. 382, with having willfully, unlawfully, and maliciously burned his barn, with intent to defraud and prejudice certain insurance companies by which it was insured. Several months later, the cause having been regularly continued, the defendant moved to quash the indictment, which motion having been overruled by the court, he pleaded not guilty, was finally brought to trial, found guilty of the charge, and sentenced. He thereupon took the appeal that is before us for disposition. It is not alleged that there was any irregularity in the constitution of the grand jury, or in its procedure; nor that the indictment was defective in form or in substance; nor that the evidence adduced

on the trial was insufficient to warrant the defendant's conviction; nor that any error, technical or otherwise, was committed on the trial. The sole ground upon which he bases his demand that the conviction be set aside and he be discharged, is, that the proceedings prior to the finding of the indictment were unlawful, and therefore the court should have sustained his motion to quash the indictment.

Amongst other things, it is urged, in support of this contention, that the act of 1869 is wholly unconstitutional because of defectiveness of its title. But it would be taking a very narrow view of the title to hold that it does not give notice that the subject of legislation is the mode of making judicial investigation for the purpose of ascertaining the origin of fires—in other words, that the act provides for an inquest having that end in view. And no one would suppose, from reading the title, that the act would not provide a mode for making known the result of the inquisition, and would not declare its purpose and effect. It was not necessary that the title should specify in detail the mode in which the tribunal making the inquisition should be constituted or the mode of procedure. For these, the reader, whether legislator or other interested person, would naturally look into the body of the act; and it is well settled that, if the title fairly gives notice of the subject of legislation so as reasonably to lead to an inquiry into the body of the bill, it is all that is necessary; it need not be a complete index to the contents. While the title to this act is general, it is not deceptive nor misleading, and, as we view it, it "clearly expresses" the subject of legislation, as those terms have been repeatedly defined in the cases construing the constitutional provision.

The suggestion that the act is special and local, and therefore unconstitutional, because the city of Philadelphia and the county of Allegheny are excluded from its operation, is without force, since the constitutional

provision as to local and special legislation is not retroactive.

The objection to the validity of the proceedings, based on the fact that the justice and the three jurors were policy holders in the mutual insurance companies that had issued policies on the building, and being subject to assessment for the loss were disqualified by interest, is completely and satisfactorily answered in the opinion filed by the learned judge below, and need not be further discussed.

The proceeding was in the nature of a coroner's inquest, and the act expressly declares that the justice of the peace conducting it shall have all the powers of a coroner for summoning a jury and witnesses and conducting the investigation. At the time the defendant was called upon to testify he was not a party to the proceeding, no accusation had been made against him, and it is to be observed he explicitly stated that he did not object to testifying upon the ground that his testimony might incriminate him, but upon the ground that his counsel was not present. If an attempt was being made to use his testimony against him, a different question would be presented, upon which we need express no opinion. But we fail to see upon what principle it could be held that the fact that he was compelled to testify at the inquest was ground for quashing the indictment.

Complaint is made that the warrant for the arrest of the defendant, to which we have alluded, was not based on an information sworn to and subscribed by the affiant, charging the defendant with crime, and therefore was invalid under the fourth amendment of the federal constitution, as well as under sec. 8, art. 1, of the constitution of this commonwealth. But it is to be observed that the warrant issued pursuant to the finding of the three jurors, which was in writing, subscribed by them, that in making this finding they acted under oath, and that it sets forth all the essentials of

an information.   True, it does not appear that there was
a hearing after the defendant's arrest upon the warrant;
but neither does it appear that he demanded· one, nor
that he raised any objection against the validity of the
warrant, nor that he took any proceeding to be dis-
charged from custody on that ground.   Moreover, he
had been present at the investigation and heard, or had
an opportunity to hear, the evidence and to be heard
in his own behalf, if he so desired.   We are not pre-
pared to accede to the contention of his counsel, that
the arrest was illegal; but even if it be conceded that
the warrant was not based on a proper information,
we are of opinion that, under the circumstances to
which we have alluded, this was not a valid ground for
quashing the indictment: Com. v. Brennan, 193 Pa.
567; Com. v. Mallini, 214 Pa. 50; Com. v. Dingman,
26 Pa. Superior Ct. 615.   See. also, York City v. Hatterer,
48 Pa. Superior Ct. 216.

The judgment is affirmed, and the record is re-
mitted to the court of quarter sessions of York county,
with direction that the judgment be fully carried into
effect, and, to that end, it is ordered that the appellant
appear in that court and that he be by that court com-
mitted to serve and comply with such parts of his
sentence as had not been served and complied with at
the time this appeal was taken.