## Commonwealth v. Williams.

*E. J. Thompson*, for rule.

*John G. Love*, District Attorney, for Commonwealth.

FLEMING, P. J., Jan. 3, 1929.—We have before us the defendant's motions for a new trial and for arrest of judgment. The first reason assigned in support of the motion for a new trial is our sustaining of the Commonwealth's objection to the question asked the Commonwealth's chief witness, Leo Schnarrs, by the counsel for the defendant, as follows, to wit: "Q. Mr. Schnarrs, how much were you paid for going out to make this purchase?" (Notes of Testimony, page 5.) The second reason assigned is the admission in evidence of the Commonwealth's Exhibit No. 1, consisting of the liquor alleged to have been purchased from this defendant. The third reason pertains to an alleged failure of the court to correct an alleged statement of the district attorney.

We see no merit in the first reason assigned. There was no contention on the part of the defendant that Mr. Schnarrs, the Commonwealth's witness, was to have been financially rewarded in the event a conviction was procured. There was not even a scintilla of evidence to show bad faith on the part of this witness. The question was immaterial and irrelevant and bordered closely on the facetious under the record as it then stood. Very likely the rejection of this evidence would have inured to the defendant's favor had his testimony and that of his witnesses been such as to cause the jury to believe his alibi, subsequently sought to be established. He could not have been prejudiced thereby in any manner.

Likewise, it would require the imputation of acts savoring on a conspiracy against this defendant to sustain defendant's second reason for a new trial. Commonwealth's Exhibit No. 1 is satisfactorily accounted for from the time of the purchase by the witness Schnarrs until admitted into evidence in these proceedings. Such exhibit was given on the night of the purchase and within a few hours after such purchase to County Detective Boden and by him carefully sealed in the presence of Justice of the Peace Hancock, and was, by the county detective and the justice of the peace, locked in a closet in the justice's office. It was delivered to the county chemist with the seal unbroken. To assume that because the same was not personally guarded at all moments of the interval between the purchase and the trial, and that because it was not so personally guarded, that is likely to indicate that the alcoholic content was increased so as to insure the conviction of the defendant, is to impute to the regularly chosen officers, sworn to obey the Constitution and to enforce the law, without any proof to support such imputation, that same depravity of conduct so frequently found among those seeking to evade such obedience and enforcement. The jury heard the history of the exhibit and were plainly and carefully instructed as to a reasonable doubt and its resolution in favor of the defendant. Quite evidently, the stress placed upon the custody of the exhibit in question by the counsel for the defendant was not sufficient to raise such a doubt in the mind of the jury.

The third reason advanced in support of the motion for a new trial has not been pressed by counsel for the defendant.

The motion for new trial is accordingly dismissed.

We proceed to the further consideration of the motion for arrest of judgment. After the indictment was found, but before plea was entered and the jury sworn, counsel for the plaintiff moved the quashing of the writ and the proceedings, assigning two reasons therefor, as follows, to wit: "First. That there is no information or complaint made in this matter upon which to base, or records necessary to support, a conviction. Second. That the proceedings are generally irregular and illegal."

This motion was overruled and an exception noted and bill sealed for the defendant. This action is now assigned as a reason in support of the motion in arrest of judgment.

Without entering into the merits of the contention, we are of the opinion that the motion was too late. In Com. v. Brennan, 193 Pa. 567, in a *per curiam* decision, our Supreme Court says: "On the trial a motion was made to quash the indictment because it was not found after an information sworn to and subscribed before the committing magistrate. While the defendant might have been heard on that subject upon a proceeding to be discharged from custody on the ground of an illegal commitment, it is certainly too late after indictment found upon the trial of the cause. The finding of the indictment cannot be invalidated for any such reason." See, also, Com. v. Mallini, 214 Pa. 50; Com. v. Dingman, 26 Pa. Superior Ct. 615; York City v. Hatterer, 48 Pa. Superior Ct. 216; Com. v. Williams, 54 Pa. Superior Ct. 545.

The defendant might have taken advantage of any defects in the information on a writ of *habeas corpus* or on a motion to be discharged from custody. The defendant, however, appeared before the justice of the peace on July 18, 1928, and requested a continuance of his preliminary hearing until July 21, 1928, at which time he appeared with counsel, who then raised the same question as to the sufficiency of the information as was raised at the trial herein. He was committed, after hearing, by the justice and gave bail for his appearance at the September Sessions, 1928. No proceeding was instituted to try

the sufficiency of the information, nor was the question raised until defendant was called for trial after indictment found. By such course of conduct he has waived all irregularities in his arrest and detention upon the information in this case. See cases cited above. Also, Com. *v.* McKay et al., 3 D. & C. 145; Com. *v.* Separito, 7 D. & C. 709, 714.

The motion in arrest of judgment is accordingly dismissed.

And now, Jan. 3, 1929, defendant's motions for a new trial and in arrest of judgment are dismissed and defendant directed to appear in this court on Wednesday, Jan. 9, 1929, at 10 o'clock A. M., for sentence.

From S. D. Gettig, Bellefonte, Pa.