## Wanner v. Buch.

*Arrest on Sunday—Damages for—Subsequent appearance—Act of Jan. 12, 1705.*

The arrest of a defendant on Sunday for a misdemeanor is forbidden by the Act passed Jan. 12, 1705, § 4, 1 Sm. Laws, 25, and the constable who served such warrant is liable to suit for damages by the party aggrieved, although the latter subsequently appeared and plead guilty to the offence charged and paid the fine imposed.

Com. *v.* Dingman, 26 Pa. Superior Ct. 615, distinguished.

Action for false imprisonment. Rule for judgment for defendant *n. o. v.* C. P. Lancaster Co., April T., 1921, No. 50.

*S. R. Zimmerman* and *John E. Malone*, for rule; *Joseph B. Wissler*, contra.

LANDIS, P. J., Dec. 23, 1921.—The facts of this case as presented on the trial are not in dispute. A complaint was made on Jan. 29, 1921, against the plaintiff in this suit before George D. C. Danner, Esq., a justice of the peace, residing in Manheim Borough, for violating the school law in not sending his child to school. A warrant was placed in the hands of the defendant, who is a constable, commanding him to arrest the plaintiff. On Sunday, Jan. 30, 1921, Buch went to the plaintiff's house with this warrant, and, taking the plaintiff with force into his custody, proceeded with him to Manheim to Squire Danner's office. As Wanner could not give bail he was committed by Danner to the Lancaster County prison, where he remained until the following Tuesday night. At that time he was again taken before Squire Danner, where he entered a plea of guilty and was sentenced to pay a fine of $2 and costs, and this he did. He brought his separate suits on April 2, 1921, against both Buch and Danner for arresting and commiting him to jail on Sunday. The cases were tried together and verdicts were entered in favor of the plaintiff. The question now presented is, whether the verdict against Buch, the constable, is sustainable under the law.

By the Act passed Jan. 12, 1705, ch. 119, § 4, 1 Sm. Laws, 25, it is provided "that no person or persons upon the first day of the week shall serve or execute, or cause to be served or executed, any writ, precept, warrant, order, judgment or decree, except in cases of treason, felony or breach of the peace, but that the serving of any such writ, precept, warrant, order, judgment or decree shall be void to all intents and purposes whatsoever, and the person or persons so serving or executing the same shall be liable to the suit of the party grieved and to answer damages to him for doing thereof, as if he or they had done the same without any writ, precept, warrant, order, judgment or decree at all." It is admitted that the defendant did serve the warrant upon the plaintiff on Sunday, the first day of the week, and that, under it, he took the plaintiff into custody, and, on a commitment issued by Squire Danner, placed him in the Lancaster County jail. It was also admitted that the arrest was not for treason, felony or breach of the peace. Without more, it

follows that an action for damages was maintainable for violation of his rights under the Act of 1705. It made no difference what occurred subsequently. Whether he pleaded guilty or was found guilty or innocent on a hearing could not change the law as declared in that act. The process was void, and the person serving was liable for damages.

In Com. v. Eyre, 1 S. & R. 347, it is said: "The serving of legal process on Sunday tends to disturb the quiet of that day, which it is the object of the law on which the prosecution is founded to protect (Act of April 22, 1794, 3 Sm. Laws, 177). Therefore it is that the serving of all legal process is forbidden by another act (Act passed Jan. 12, 1705, 1 Sm. Laws, 25), except in cases of treason, felony or breach of the peace." In Com. ex rel. Volpe v. Superintendent of County Prison, 5 Dist. R. 635, Thayer, P. J., on a writ of *habeas corpus*, discharged a defendant, one of the grounds assigned being that "the officers violated the law in making the arrest on Sunday, contrary to the plain prohibition of the Act of 1705." It is clear, therefore, that the defendant violated the Act of 1705, and, unless some legal reason intervened, it follows that he was liable for the damages which the jury found the plaintiff had thereby sustained.

The defendant, however, urges that the plaintiff's appearance on the following Tuesday, and his entry of a plea of guilty and the payment of a fine and costs condoned the offence and was a waiver of his right to bring this action. In Com. v. Dingman, 26 Pa. Superior Ct. 615, it was held that a prisoner may raise any question touching the legality of his arrest upon a proceeding to be discharged from custody; but if he has given bail to answer the charge, he cannot, after indictment found, raise such questions by motion to quash. To the same effect are Com. v. Brennan, 193 Pa. 567, and other cases. See, also, Com. v. Jayne, 32 Pa. C. C. Reps. 144. These cases do not seem to me to meet the point at issue. While the proceedings may, under such circumstances, be considered regular on their face, and may, therefore, be proceeded with, where an act is made absolutely void by the law, a constable who does what is contrary to its prohibitions is answerable, without regard to the subsequent conduct of a defendant.

I am of the opinion that the verdict is sustainable as rendered and that the rule for judgment *non obstante veredicto* should be discharged.

**Rule discharged.**                    From George Ross Eshleman, Lancaster, Pa.