## Commonwealth v. Wimmer.

*Criminal law—Waiver of defects in proceedings before committing magistrate—Trial upon merits.*

1. Where a defendant in a criminal prosecution has entered a plea and gone to trial on the merits, all defects in the proceedings before the committing magistrate are waived.

2. In such a case, the defendant cannot have the judgment against him arrested because the committing magistrate held a preliminary hearing at a place outside of his jurisdiction.

Motion in arrest of judgment. O. & T. Lehigh Co., Sept. T., 1927, No. 19.

*Dillinger & Schneller*, for defendants and motion.

*Orrin E. Boyle*, District Attorney, for Commonwealth.

RENO, P. J., Nov. 21, 1927.—Defendants were indicted for burglary. They pleaded not guilty. The Commonwealth established the commission of the crime, defendants' participation in it and their signed confessions. The jury convicted them. They are guilty beyond all doubt.

Upon cross-examination of Commonwealth's witnesses, defendants established that the committing alderman held the preliminary hearing at a place outside of his jurisdiction. Upon that circumstance they based a motion for discharge at the conclusion of the Commonwealth's case. The motion was overruled. The overruling of that motion is made the basis of the motion in arrest of judgment which is now before us.

If defendants had moved to quash the indictment upon the ground that the proceedings before the alderman were irregular, there is respectable authority for sustaining the motion: Com. *v.* Kurz, 14 Dist. R. 741. Certainly, they would have been released in a *habeas corpus* proceeding: Com. *v.* Brennan, 193 Pa. 567. But having entered a plea and gone to trial upon the merits, all defects in the information, warrant and proceedings before the committing alderman were cured: Com. *v.* Schoen, 25 Pa. Superior Ct. 211.

Now, Nov. 21, 1927, the motion in arrest of judgment is overruled and discharged.

From Edwin L. Kohler, Allentown, Pa.