Commonwealth of Pennsylvania *v.* Thomas Brennan, Appellant.

*Criminal law—Murder—Indictment—Information.*

Where an indictment for murder has been regularly found by the grand jury upon examination of witnesses after information made before a magistrate, the court at the trial will not entertain a motion to quash the indictment because it was not found after an information sworn to and subscribed before the committing magistrate.

Argued Oct. 31, 1899. Appeal, No. 355, Jan. T., 1899, by defendant, from judgment of O. & T. Schuylkill Co., June T., 1899, No. 683, on indictment for murder. Before GREEN, MC-COLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Indictment for murder. Before BECHTEL, J.

The justice's return was as follows:

"INFORMATION.

"THE COMMONWEALTH OF PENNSYLVANIA, } ss.
  "COUNTY OF SCHUYLKILL,

"Before me, the subscriber, one of the justices of the peace in and for the county aforesaid, personally came William Walters, chief burgess of the borough of New Philadelphia, county of Schuylkill, who being duly sworn according to law, saith: that within the said county on June 2, A. D., 1899, a certain Thomas Brennan did shoot Harry Elliot as he was washing in the tub, after he came home from work. This was about 6:40 o'clock P. M., on June 2, 1899, and Harry Elliot died at 1:55 o'clock on June 3, A. M., 1899. Thomas Brennan I done it and I am satisfied to die for it.

"And further saith not.

"Sworn and subscribed before me this ⎫
    2d day of June, A. D., 1899.              ⎪
        "(Signed)   A. J. WHALEN, Jus-     ⎬
                    tice of the Peace,           ⎪
              "Silver Creek Post            ⎪
                    Office Address."         ⎭

"THE COMMONWEALTH
OF PENNSYLVANIA
v.
THOMAS BRENNAN.

"Warrant issued June 2, 1899. On oath of Wm. Walters, Chief Burgess. Charging defendant with shooting Harry Elliot on June 2, which caused his death on June 3, 1899. Defendant brought up and after hearing committed to prison.

\*    \*    \*    \*    \*    \*    \*    \*

"June 2, 1899, acknowledged before me.

"(Signed)      A. J. WHALEN,      [Seal]
                "Justice of the Peace."

Verdict of guilty of murder of the first degree.

The trial court in refusing to grant the defendant a new trial, said, inter alia: The defendant moved to quash this indictment for the reason assigned, as follows: "The said indictment is not based upon an accusation made before a committing magistrate, founded upon probable cause and supported by oath or affirmation." In addition to this, the court's attention was directed to the alleged fact that "the information is sworn and subscribed to on June 2, while in the body of the affidavit, it says, that Harry Elliot did not die until 1:30 o'clock on the morning of June 3. The information is wholly defective." To sustain these contentions we had given in evidence the paper called "Justice Return" and our attention called to the entries following, or under the word "Information." This as a blank was intended to contain, when filled up, the information. It is very clear from an examination of it that it embodies parts of that which was sworn to and part of the proceedings before the justice. This is conclusively shown by the paper. It is dated June 2, and states that Elliot died June 3, at 1:55 o'clock A. M. When the oath was taken Elliot was therefore not yet dead, and the statement that he died simply narrates a part of what appeared before the justice subsequently. This is made still more evident by the balance of the paper, to wit: Thomas Brennan, "I done it, and I am satisfied to die for it." This clearly purports to be the language of the defendant, as stated by him, at the hearing. Having nothing else presented to sustain the defendant's motion to quash, and it being evident that

it does not purport to be the formal affidavit, we had nothing to base action upon. But let us look at the balance of the paper, to wit: the other page, and we find, "Warrant issued June 2, 1899, on oath of William Walters, Chief Burgess, charging defendant with shooting Harry Elliot, on June 2, which caused his death on June 3, 1899; defendant brought up and after hearing committed to prison." And then June 2, 1899, "Acknowledged before me, A. J. Whalen, Justice of the Peace—Seal."

Judgment was entered on the verdict. The prisoner appealed.

*Error assigned* was in not sustaining the defendant's motion to quash the indictment in the case for the reason that the information made before the justice of the peace, and on which the indictment was founded, was not sworn and subscribed to as required by law and the constitution of Pennsylvania.

*George Dyson*, with him *James Flannigan* and *Charles N. Brumm*, for appellant.

*Edgar W. Bechtel*, district attorney, for appellee.

PER CURIAM, November 6, 1899:

The defendant was tried upon an indictment found regularly by the grand jury upon examination of witnesses after information made before a magistrate. A trial was had upon the merits and the defendant was duly convicted of murder of the first degree. On the trial a motion was made to quash the indictment because it was not found after an information sworn to and subscribed before the committing magistrate. While the defendant might have been heard on that subject upon a proceeding to be discharged from custody on the ground of an illegal commitment, it is certainly too late after indictment found upon the trial of the cause. The finding of the indictment cannot be invalidated for any such reason.

The judgment is affirmed and the record is remitted for the purpose of execution according to law.