# Commonwealth *v.* Ieradi, Appellant.

*Criminal law—Murder—Evidence—Witness—Charge of court.*

On the trial of an indictment for murder it is reversible error for the court to instruct the jury that, if they found one of the witnesses had sworn falsely, then "such witness is not to be believed in any respect, and you have to disregard his testimony."

The maxim falsus in uno, falsus in omnibus, has modernly been relaxed and restricted in its application. The rule is, that if a witness wilfully and corruptly swears falsely to any material fact in a case, the jury are at liberty to disregard the whole of his testimony. But the correct principle goes no farther than to say that the jury may disregard the testimony, not that they must disregard it.

Argued May 21, 1906. Appeals, Nos. 175 and 176, Jan. T., 1906, by defendants, from judgment of O. & T. Warren Co.,

March T., 1906, No. 1, on verdict of guilty of murder in the first degree in cases of Commonwealth v. Frank Ieradi and Commonwealth v. Petro Notaro. Before Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Reversed.

Indictment for murder. Before Lindsey, P. J.
Verdict of guilty of murder of the first degree.

*Error assigned* was instructions quoted in the opinion of the Supreme Court.

*George B. Munn,* with him *O. C. Allen* and *William Harrison Allen,* for appellant.

*Charles W. Stone* and *Wm. S. Clark,* district attorney, with them *Ralph W. Stone,* for appellee.

Opinion by Mr. Justice Brown, June 27, 1906 :

Immediately after calling the attention of the jury to the deep interest of the appellants in the issue as affecting their credibility, the court said : " and where there is a conflict of testimony it is your duty to reconcile the evidence if you can, with the presumption that each man is telling the truth. But if you cannot, and if there is such a conflict of the evidence, and the evidence leads you to believe that one of the witnesses has sworn falsely and you arrive at the conclusion that he has, then such witness is not to be believed in any respect, and you have to discard his testimony." This was error which may have been very serious in its effect on the , jury. The appellants and their witnesses may have sworn falsely as to some facts which were not material, but, even if their testimony was false as to some material fact, the jury were not required to disbelieve them as to all other material facts to which they testified. The maxim falsus in uno, falsus in omnibus, has modernly been relaxed and restricted in its application. The rule is, that if a witness wilfully and corruptly swears falsely to any material fact in a case, the jury are at liberty to disregard the whole of his testimony: 30 Am. & Eng. Ency. of Law (2d ed.), 1072. But the correct principle goes no farther than to say that the jury may disregard the testimony, not that they must disregard it. This

is the form of the rule as laid down in the great majority of jurisdictions: 2 Wigmore on Evidence, p. 1173. " There has never been any positive rule of law which excluded evidence from consideration entirely, on account of the wilful falsehood of a witness as to some portions of his testimony. Such disregard of his oath is enough to justify the belief that the witness is capable of any amount of falsification, and to make it no more than prudent to regard all that he says with strong suspicion, and to place no reliance on his mere statements ; but when testimony is once before the jury, the weight and credibility of every portion of it are for them, and not for the court, to determine. The duty of the court is to give them such full cautions as will lead them to the intelligent performance of their functions : " Knowles v. The People, 15 Mich. 408. This is the correct rule.

When the jury were instructed that, if they found one of the witnesses had sworn falsely, " then such witness is not to be believed in any respect, and you have to discard his testimony," they must have understood the court as saying that they must disregard his testimony entirely. For this reason the first assignment of error must be sustained. The remaining three are overruled.

Each judgment is reversed and a venire facias de novo awarded.