## Commonwealth, Appellant, *v.* Hans.

*Criminal law—Indictment—Quashing indictment—Assault.*

Where an information charges that the defendant assaulted the
prosecutor with an open knife in his hand, and the defendant after
hearing is held to bail, and subsequently an indictment in regular
form, and sufficient to sustain a conviction of simple assault, is
found, it is reversible error for the court to quash the indictment;
and especially is this so if the record shows that between the time
the defendant had his hearing and was held to bail, and the date
when he was called for trial, no application was made by him to be
discharged from custody on the ground that he had been illegally
committed or held to bail.

Submitted Oct. 1, 1917. Appeal, No. 56, April T.,
1918, by plaintiff, from order of Q. S. Cambria Co., June
Sessions, 1917, No. 100, quashing indictment in case of
Commonwealth v. Frank Hans. Before ORLADY, P. J.,
PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WIL-
LIAMS, JJ. Reversed.

Indictment for assault.

At the trial the court on motion quashed the indict-
ment without stating any reason therefor, and without
any reasons in support of the motion having been filed.
The record did not show that the defendant had made
any application to be discharged prior to the time when
the case was called for trial,

Assignment of Error—Opinion of the Court. [68 Pa. Superior Ct.

*Error assigned* was order quashing the indictment.

*D. P. Weimer,* for appellant.—The burden is upon the defendant to specifically state facts which if established by evidence warrant the quashing of the indictment, and to produce evidence tending to establish such facts: Com. v. Williams, 149 Pa. 54; Com. v. Carlucci, 48 Pa. Superior Ct. 72; Brown v. Com., 76 Pa. 319; Roland v. Com., 82 Pa. 306; Commonwealth v. Robertson, 47 Pa. Superior Ct. 472.

A motion to quash an indictment on the ground of the insufficiency of the information cannot be sustained after bill regularly found by a grand jury, and after either a preliminary hearing or the waiving thereof, and the entering of bail to answer the charge at the next sessions of the Court of Quarter Sessions of the Peace for the proper county: Commonwealth v. Brennan, 193 Pa. 567; Com. v. Dingman, 26 Pa. Superior Ct. 615; Com. v. Haines, 55 Pa. Superior Ct. 359.

No printed brief for appellee.

OPINION BY HEAD, J., November 19, 1917:

On March 15, 1917, an information in writing, verified by the oath of a citizen or resident of Cambria County, was lodged before a magistrate of Croyle Township. It charged that the defendant emerging from a hotel came towards the prosecutor with an open knife in his hand. Fearing he was about to be stabbed, the prosecutor attacked the defendant and took his knife from him. He therefore asked for a warrant for the arrest of the defendant on the charge of "assault with intent," etc. The defendant had a hearing and was held in bail to appear at the next Court of Quarter Sessions. The information was apparently returned in the usual way; an indictment was prepared by the district attorney charging the defendant with an assault and an attempt "to cut, stab, wound, etc." On June 7, 1917, the grand jury

found a true bill. The docket entries of the Quarter Sessions then exhibit the following: "11th June, 1917, on motion of counsel for defendant, indictment quashed. By the Court." No motion in writing to quash assigning any reasons therefor is to be found in the record. The case of the Commonwealth was thus cut up by the roots in a manner which leaves us to search for and find if we can, the reasons that moved the learned trial judge to take such drastic action. The practice could hardly be commended even if it could be upheld.

The information clearly charged the offense of an assault and as it was made by an assailant with an open knife in his hand, it might well be the foundation for an indictment charging a much more serious offense than a simple assault. The indictment also appears to have been perfectly good on its face and would certainly have sustained a conviction for at least a simple assault. We are unable to see, therefore, any sufficient ground for the action of the court in quashing the appeal.

But there is another reason. It will be observed that between the time the defendant had his hearing and was held to bail, and the date when he was called for trial, no application was made by him to be discharged from custody on the ground that he had been illegally committed or held to bail. In Commonwealth v. Mallini, 214 Pa. 50, where the indictment was for homicide, followed by a conviction of murder in the first degree, Mr. Chief Justice MITCHELL said: "At the trial a motion was made to quash the indictment for the insufficiency of the information. It was too late. The indictment was regularly found after a hearing before the justice, and such finding 'cannot be invalidated for any such reason': Com. v. Brennan, 193 Pa. 567." In the case last cited, the Supreme Court considering again a case of murder in the first degree said: "On the trial a motion was made to quash the indictment because it was not found after an information sworn to and subscribed before the committing magistrate. While the defendant

might have been heard on that subject upon a proceeding to be discharged from custody on the ground of an illegal commitment, it is certainly too late after indictment found upon the trial of the cause." In Commonwealth v. Dingman, 26 Pa. Superior Ct. 615, this court speaking by PORTER, J., said: "The hearing proceeded and the defendant was held and gave bail for his appearance at the next Court of Quarter Sessions to answer the charge. An indictment having been found the defendant moved to quash it upon the ground that the original information was insufficient, and his arrest upon the warrant thereunder issued was illegal. The indictment had been regularly found by the grand jury upon examination of witnesses, after information made before a magistrate and the entry of bail by the defendant to answer the charge. The defendant might have raised any question touching the legality of his arrest upon a proceeding to be discharged from custody, but having given bail to answer the charge he could not after indictment found raise such questions by a motion to quash: Commonwealth v. Brennan, 193 Pa. 567."

These extracts are sufficient to show without further elaboration here that the learned court below fell into serious error in quashing the indictment in the manner we have described.

The order of the court quashing the indictment is reversed and set aside, the indictment is reinstated and the record is remitted to the court below with a procedendo.