## Chamberaeti, Appellant, *v.* Susquehanna Coal Company.

*Negligence—Mines and mining—Defects of original construction —Liability of mine owner—Practice, Supreme Court and C. P.— Assignments of error—Exception to charge—Act of May 11, 1911, Sec. 2—Instructions to jury.*

1. Assignments of error not in accordance with the rules of court will be disregarded.

2. A general exception to the charge of the court, without any reason being alleged regarding the same in the hearing of the court, as required by Section 2 of the Act of May 11, 1911, P. L. 279, is erroneous.

3. A mine owner is not relieved of liability for negligence in matters of original construction because the man in charge thereof was a certified mine foreman.

4. It is error to affirm a point calling for the interpretation of a paper not in evidence.

5. A judgment will be reversed if the charge of the court is self-contradictory, unless on a review of the whole case it appears that no harm was done thereby.

Argued June 3, 1918. Appeal, No. 4, Jan. T., 1918, by plaintiff, from judgment of C. P. Northumberland Co., Feb. T., 1916, No. 98, on verdict for defendant, in case of Joseph Chamberæti v. Susquehanna Coal Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Reversed.

Trespass to recover damages for personal injuries. Before MOSER, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned* were instructions to the jury and answers to points.

*L. S. Walter,* with him *Frank H. Strouss,* for appellant.

*H. A. Gordon,* with him *A. L. Williams,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, July 17, 1918:

Plaintiff was an employee of defendant. On March 29, 1915, while in the performance of his work, he had occasion to use a certain traveling-way, built by defendant for the use of its employees. It was at an angle of some thirty-five degrees, and its round wooden steps were held in place by props on one side and by being inserted into the adjoining walls of coal on the other. There was conflicting evidence as to whether or not this original construction of the steps was proper, in view of the character of the coal, plaintiff's witnesses asserting that at the place of the accident they were five feet apart, that they should have been inserted eight to ten inches into the coal which at that point was soft, and that in fact this particular step was inserted only about two inches. Defendant's witnesses testified that the traveling-way was properly constructed, that the coal was hard, the steps from eighteen inches to two feet apart, except in one place where they were five feet apart, and that they were inserted in the coal from four to six inches, which was a sufficient depth. The evidence was conflicting also as to the way the injury happened, plaintiff and his witness asserting that as he trod upon one of the steps the coal under it broke away because of the shallowness of the hole, causing the step to slip out of the coal, which it would not have done had it been inserted a proper distance, and that by reason thereof he suffered the injuries of which he complains. Defendant's witnesses asserted that the accident was caused by plaintiff slipping

on a hole in the rock and falling, wholly or partly because of a prior injury to his leg, for which defendant was not responsible. The verdict and judgment were for defendant, and plaintiff appeals.

The first and second assignments of error cannot be considered for the reason that they each contain more than one exceptions, in direct violation of Rule 26 of our rules of court.

The third, fifth, sixth, seventh, ninth, tenth and eleventh assignments of error have no exception to support them, and for that reason cannot be considered. They contain excerpts from the general charge, regarding which the only exception is "plaintiff excepts to the charge of the court," without any reason being "alleged regarding the same in the hearing of the court." This is required by Section 2 of the Act of 11th May, 1911, P. L. 279, and we so pointed out in Sikorski v. Philadelphia & Reading Ry. Co., 260 Pa. 243.

The fourth and eighth assignments of error cannot be considered because while proper exceptions were taken to the answers to the points which are assigned as error, the points themselves are not embodied in the assignments as required by Rule 27 of our rules of court.

The twelfth assignment complains because the trial judge told the jury, in answer to defendant's first point, that "plaintiff was fully acquainted with......the steps, and the manner that they were fastened and secured." In view of the conclusion we have reached, it is only necessary to call attention to the fact that the word "manner" in that connection is susceptible of two meanings, one referring simply to the general construction of the steps, and the other including also the depth of their insertion into the coal. If given the former meaning the point would be accurate, but, if given the latter, it would be inaccurate, for there was no admission by plaintiff that he knew how deep they were inserted into the coal.

So, too, on the retrial, the answer to defendant's second point, if renewed, ought to be qualified to show that

the obvious character of the defect would not relieve the defendant merely by reason of there being a mine foreman in the mine, if the defect was due to original construction and not to want of repair.

The fourteenth assignment complains of the trial judge's affirmance of defendant's ninth point, viz:

"Ninth. If the traveling-way in question was unsafe as complained of in the plaintiff's statement, it was the statutory duty of the mine foreman to correct it and make it safe and his neglect or failure so to do cannot be held to convict the defendant mine owner of negligence or make it liable for the mine foreman's negligence."

When the trial judge's attention was called to the fact that the affirmance of that point "would be equivalent to directing a verdict for the defendant" he replied: "Well, we affirm that as a legal proposition without regard to the plaintiff's statement. We have not read the plaintiff's statement." Aside from the obvious mistake in affirming a point which construed a paper which had not been offered in evidence, which contained a number of allegations of negligence, and which had not been read by the court, those answers were most confusing as well as serious error, for the gravamen of the point was that "if the traveling-way in question was unsafe as complained of in plaintiff's statement, it was the statutory duty of the mine foreman to correct it" and the defendant could not be held for negligence; but it was especially erroneous in view of the fact that the mine foreman, as an employee of defendant, had supervised the original construction of the steps. Generally speaking, the trial judge had accurately held that if the original construction was faulty, and the injury was caused thereby, the defendant was liable, but if the fault grew out of want of repair due to the mine foreman's neglect, the defendant was not liable. In affirming the above point, however, he wholly overlooked that distinction, which has been repeatedly pointed out by us: Simmons v. Lehigh Valley Coal Co., 240 Pa. 354; Watson v. Monongahela

River Consolidated Coal & Coke Co., 247 Pa. 469; Dobra v. Lehigh Valley Coal Co., 250 Pa. 313.

We have, moreover, read all the evidence bearing on the cause of the accident, for the purpose of determining whether or not the trial judge could properly have given binding instructions for the defendant, and find ourselves in accord with his ruling that there was sufficient evidence to carry the case to the jury, especially as the distance the steps were apart, and the depth of their insertion into the coal, were necessarily a part of the work of original construction of the traveling-way. It is not necessary here to repeat that evidence; the trial judge has in his charge summarized it with substantial accuracy.

The judgment is reversed and a venire facias de novo awarded.