## Commonwealth *v.* Levine, Appellant.

*Criminal law—Larceny — Evidence — Witness — Charge of the court.*

On the trial of an indictment for larceny and for breaking into a freight car, it is reversible error for the court to instruct the jury

that if they found that one of the witnesses had sworn falsely then "it would be your duty as jurymen to disregard all the testimony of that witness because the witness who would wilfully testify to what he considered a material matter would not hesitate to testify falsely to any or all matters were he to consider it of advantage or benefit to him in so doing."

The rule is that if a witness wilfully and corruptly swears falsely to any material fact in the case, the jury are at liberty to disregard the whole of his testimony. But the correct principle goes no farther than to say that the jury may disregard the testimony, not that they must disregard it.

*Practice, Q. S.*—*Exceptions to charge — General exception — Leave of court.*

If, disregarding the Act of May 11, 1911, P. L. 279, relating to the taking of exceptions, and following the common law practice, a general exception is asked of the trial judge and without requiring a statement of reasons, is really allowed by him, the appellant may assign all actual errors of law, and any material matter that is so inadequately presented, as to be calculated to mislead the jury.

Argued May 5th, 1920. Appeals, Nos. 124 and 125, April T., 1920, by defendant, from sentence of Q. S. Lawrence County, Dec. Sessions, 1918, Nos. 17 and 18, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Mark Levine. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for breaking into a freight car, larceny and receiving stolen goods. Before EMERY, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were the charge of the court, and refusal to allow an amendment to the indictment by striking out the word "Northwestern" and substituting the words "Great Western" in the designation of a box car.

*J. Norman Martin,* of *Martin & Martin,* and with him *Thomas W. Dickey,* for appellant.

*George W. Muse,* District Attorney, and with him *Cunningham & Graham,* for appellee.

OPINION BY HEAD, J., July 14, 1920:

We are of opinion the amendment to the indictment, the allowance of which is the subject of the first assignment of error, was but a matter of form or description of the name of the corporation alleged to be the owner of the car, the breaking and entering of which was the basis of the charge. The amendment was asked for and allowed before plea was entered or the jury was sworn. It appears to us to have come within both the letter and the spirit of the thirteenth section of the Criminal Procedure Act of March 31, 1860. Had there been any reasonable apprehension that injustice would be worked by compelling the defendant to plead to the indictment as amended, doubtless an application to the court for a continuance would have received due consideration. No such application was made. The first assignment is without merit and is accordingly overruled.

The remaining two assignments discussed in the argument of counsel for the appellant relate to the charge of the trial judge. We are asked to dismiss these assignments without consideration because the exception taken to the charge was a general one, assigning no reason for such exception, and was not therefore in accordance with the provisions of the Act of May 11, 1911, P. L. 279, and the decisions of the Supreme Court in Sikorski v. Railway Co., 260 Pa. 243, and Chamberæti v. Coal Co., 262 Pa. 261. We are unwilling to dismiss these assignments on that ground because the record does not show that the general exception was taken without allowance by the trial judge as such exceptions may be taken if the provisions of the Act of 1911 are followed. The record is this: "Before verdict counsel for defendant except to the charge of the court generally and move the court to make an order directing the stenographer to write out and file the notes of testimony and charge of the court

together with this bill of exceptions," etc.  The action of the court follows: "Before verdict motion to write out granted and bill of exceptions sealed as requested." Signed by the president judge.  On such state of the record the following excerpt from the opinion of Mr. Justice MOSCHZISKER in the case first above cited appears to be controlling: "If, disregarding the Act of 1911, supra, and following common law practice, a general exception is asked of the trial judge and, without requiring a statement of reasons, really allowed by him, in several recent cases we have held that, under such circumstances, the appellant 'may assign all actual errors of law and any material matter that is so inadequately presented as to be calculated to mislead the jury.'"

By the second assignment we are urged to say the learned trial judge committed reversible error in that he failed to caution the jury concerning the nature of the testimony delivered by an accomplice, even though no request directing his attention to that point was submitted by counsel.  We may agree that it is the practice of most careful trial judges to give such instructions even without a special request to that effect, but we know of no rule of law nor of any decision of binding authority that declares it to be reversible error if, under such circumstances, the trial judge fails to call the attention of the jury to that subject.  It would be an especial hardship were we to so hold in a case where the record shows that at the conclusion of the charge the learned trial judge made the following inquiry: "Have counsel anything to suggest we have omitted in our charge?"  To this inquiry counsel representing the defendant at the trial replied, "We have nothing to suggest, your honor.  I think you have covered it."  We think we could abundantly justify a refusal to consider such an assignment because of what thus appears in the record, but as the case must go back for a new trial because of the error which is the basis of the third assign-

ment, such instructions as may be deemed proper will doubtless be given on the next trial.

In the general charge the learned trial judge, in explaining to the jury their duty to pass upon the credibility of the witnesses, thus defined their rights and duties in disposing of that important subject: "You will take into consideration the interests that a witness or witnesses may have in the outcome of the case, their appearance when on the witness stand, the manner in which they tell their story, so that you may form a conclusion as to whether or not the witness is telling the truth or whether he is undertaking to deceive you. Should you conclude that a witness is swearing falsely or testifying falsely to any material matter it would be your duty as jurymen to disregard all of the testimony of that witness, because a witness who would wilfully testify to what he considered a material matter would not hesitate to testify falsely to any or all matters were he to consider it of advantage or benefit to him in so doing." In the sentence last quoted it seems to be too clear for argument that the learned judge invaded the exclusive province of the jury. There is no rule of law which requires a jury to disregard all of the testimony of a witness even if they should conclude that he has testified falsely as to some particular material fact in the cause. If it were necessary, it would not be difficult to show that, whether we consider the question from the standpoint of reason or of psychology, there would be no sound foundation for such a rule. It is quite easy to conceive that a witness might have a reason that seemed compelling to him for falsifying in a single particular, for instance, the identity of a person whom he desired to shield, and at the same time be quite capable of telling the truth in all other respects and be willing to tell it. There is no occasion, however, to speculate on this proposition because it has been authoritatively decided that such instruction is not in accordance with the rule of the law on the subject and that it is reversi-

ble error to thus announce the rule. The reason of the rule is clearly stated by the late President Judge RICE in Alexander v. Buckwalter, 17 Pa. Superior Ct. 128: "Though the presumption that a witness has testified to the truth may be removed by proof that he has testified differently upon a former trial of the same case, still it belongs to the jury to weigh such evidence and to determine the credibility of the witness. According to the better reasoning and the weight of the authority, the maxim 'falsus in uno, falsus in omnibus,' which is supposed to apply here, is a rule of permission, and not a mandatory one to be laid down by the court as binding the jury without regard to the corroborating circumstances."

In Commonwealth v. Ieradi, 216 Pa. 87, the learned trial judge delivered the following instructions to the jury: "Where there is a conflict of testimony it is your duty to reconcile the evidence if you can, with the presumption that each man is telling the truth. But if you cannot, and if there is such a conflict of the evidence, and the evidence leads you to believe that one of the witnesses has sworn falsely and you arrive at the conclusion that he has, then such witness is not to be believed in any respect, and you have to discard his testimony." Upon consideration of an assignment of error assailing the correctness of that instruction, Mr. Justice BROWN, speaking for the court, said: "This was error which may have been very serious in its effect on the jury. The appellants and their witnesses may have sworn falsely as to some facts which were not material, but, even if their testimony was false as to some material fact, the jury were not required to disbelieve them as to all other material facts to which they testified......The rule is, that if a witness wilfully and corruptly swears falsely to any material fact in a case, the jury are at liberty to disregard the whole of his testimony: 30 Am. & Eng. Ency. of Law (2d ed.) 1072. But the correct principle goes no farther than to say that the jury may disregard the

testimony, not that they must disregard it.   This is the form of the rule as laid down in the great majority of jurisdictions: 2 Wigmore on Evidence, p. 1173," etc.

Because of the error in the instructions contained in the portion of the charge we have quoted the judgment was reversed with a venire.   Following this decision, as we are obliged to follow it, we have no option left other than to sustain the third specification of error.   All of the other assignments are overruled.

The judgment is reversed and a venire facias de novo awarded.