## Commonwealth *v.* Dombkowski, Appellant.

*Criminal law—Liquor laws—Intoxicating liquor—Unlawful possession—Charge of the court.*

In the trial of an indictment for the unlawful possession of intoxicating liquor, it is not error for the court to charge that, if the evidence of how the liquor came into the house of the defendant did not raise a reasonable doubt or if the jury were convinced beyond a reasonable doubt that the defendant had the liquor in his possession, there must be a conviction.

Where the charge, taken as a whole, cannot be construed to mean anything more than that the discovery of the liquor in the residence of which the defendant was master, and of which he had absolute control, was a circumstance which, if unexplained, would warrant the jury in finding that the liquor was in his possession, there was no error.

Submitted October 15, 1925. Appeal No. 24 April T., 1926, by defendant from judgment and sentence of Q. S. Erie County, February Sessions, 1925, No. 3, in the case of Commonwealth of Pennsylvania v. Stanley Dombkowski. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for unlawful possession of intoxicating liquors. Before ROSSITER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* was the charge of the court.

*T. P. Dunn,* and with him *S. Y. Rossiter,* for appellant.

*O. J. Graham,* Assistant District Attorney, and with him *M. Levant Davis,* for appellee.

OPINION BY PORTER, J., November 18, 1925:

The defendant was tried upon an indictment charging him with the unlawful possession of intoxicating liq-. uor for beverage purposes, which trial resulted in his conviction. The fact that a gallon and a half of moonshine whiskey, contained in two glass jugs, was seized, under a search warrant duly obtained, in the private residence of the defendant was undisputed. There was no question, under the evidence, that the possession thereof was unlawful; the only question was as to who was in possession of the liquor. The house was a private residence of which this appellant was the master, and the only occupants thereof were the defendant, his wife and a young woman relative who was visiting them.

The assignments of error material to the decision of this appeal are all founded upon a general exception to the charge of the court. This being the case, we inquire only as to whether there was fundamental error in the instructions of the court, or whether the charge as a whole involved error prejudicial to the cause of the defendant. The only complaint of the defendant which merits consideration is that the charge shifted the burden of proof, as to who was really in possession of the liquor, to the defendant. In one part of the charge the court instructed the jury, in substance: That if liquor was found in a private dwelling, in the circumstances here involved, a presumption arose that the possession was in the master of the house, but that this was not a conclusive presumption and might be rebutted by testimony. This is the portion of the charge upon which the defendant relies for a reversal of the judgment. If that part of the charge stood alone, the question might merit serious consideration, but it is not necessary to discuss that ques-

tion in the present case, for that is not all that the learned judge of the court below said concerning the question. The defendant called as a witness the young girl who was visiting at his house, and she testified that she had bought the liquor from a farmer and that she was in possession of it, and the defendant knew nothing about it down until the time it was found by the officers. This was the only testimony produced by the defendant as to how the liquor came to be in his house. The learned judge fairly recited the testimony of this witness in his charge to the jury and then said: "If that is the truth, of course you ought to acquit this defendant. Or if that testimony raises a reasonable doubt, you ought to resolve that doubt in his favor and acquit him. But if it does not raise a reasonable doubt, and you are convinced beyond a reasonable doubt that this defendant had this moonshine in his possession, then it would be your duty to convict him." The jury certainly could not have understood the charge as meaning that there was a presumption of law that the liquor found in the residence of which the defendant was the master, was in his personal possession. The charge taken as a whole cannot be construed as meaning anything more than that the finding of the liquor in the residence of which the defendant was master and of which he had absolute control, was a circumstance which, if unexplained, would warrant them in finding that the liquor was in his possession. All the assignments of error are overruled.

The judgment is affirmed, and it is ordered that the appellant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.