# Commonwealth *v.* Fedulla, Appellant.

*Criminal law—Intoxicating liquors—Manufacture—Evidence—Sufficiency.*

A motion to quash an indictment on the ground of the illegality of the arrest was properly overruled, where the defendant waited until he was called for trial before making the motion.

Instructions to the jury that if they believed a witness testified untruthfully they would be warranted in disregarding his testimony is proper. The rule is, that if a witness wilfully and corruptly

swears falsely to any fact in the case, the jury are at liberty to disregard the whole of his testimony. But the principle goes no further than to say that the jury may disregard the testimony, not that they must disregard it.

Under the provisions of the Act of March 27, 1923, P. L. 34, proof of the possession of intoxicating liquor is prima facie evidence that it is possessed for beverage purposes and that it is in violation of the act. Where the defendant was admittedly the master and absolutely controlled the place where the liquor was found, such a circumstance, if unexplained, would warrant a jury in finding that the liquor was in his possession.

Argued October 5, 1926. Appeal No. 16, February T., 1927, by defendant from judgment of Q. S. Columbia County, May Sessions, 1925, No. 16, in the case of Commonwealth of Pennsylvania v. Lorenza Fedulla. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for the unlawful possession of intoxicating liquor. Before EVANS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal to quash the indictment.

*G. W. Moon* and with him *E. J. Mullen,* for appellant.

*H. R. Stees,* District Attorney, for appellee.

OPINION BY PORTER, P. J., December 10, 1926:

The defendant appeals from his conviction in the court below upon an indictment charging the unlawful possession of intoxicating liquor for beverage purposes. The transcript returned by the justice dis-

closed that the defendant had, after a hearing, on May 19, 1925, given bail for his appearance at the Court of Quarter Sessions to answer the charge. The indictment upon which he was tried was not found by the Grand Jury until September 23, 1925. It thus appeared that there was ample time, before indictment found, for the defendant to challenge the legality of his arrest and being held for trial to answer the charge by a proceeding to be discharged from custody, or to be released from his recognizance and discharged without day. Instead of doing this he waited until he was called for trial, when he moved to quash the indictment upon the ground of the illegality of his arrest; it was then too late to raise the question by a motion to quash the indictment: Commonwealth v. Brennan, 193 Pa. 567; Commonwealth v. Mallini, 214 Pa. 50; Commonwealth v. Hans, 68 Pa. Superior Ct. 275; Commonwealth v. Keegan, 70 Pa. Superior Ct. 436; Commonwealth v. Mazarella, 86 Pa. Superior Ct. 384. The court did not err in refusing to quash the indictment and the first, second and third assignments of error are overruled.

The fourth assignment of error complains that the court used the following language in charging the jury, viz: "The credibility of the witnesses is a matter for you jurors. You observed the witnesses upon the stand; you heard them testify; you observed their manner of testifying; their apparent frankness or lack of frankness in testifying. It is your duty to so reconcile the testimony as to give credit to all of it if you can; but if you cannot do so, then you must determine which of the witnesses testified truthfully on the stand, or were not mistaken, and then give credit accordingly. If you believe a witness testified untruthfully, you would be warranted in disregarding that witness's testimony." The appellant contends that the concluding sentence of this portion of the charge, in effect, charged the jury that if they found a witness had testified untruthfully in any respect that they must

disregard the testimony of that witness. We do not so regard the instruction. The entire paragraph above quoted was certainly an instruction that the credibility of the witnesses was a question exclusively for the determination of the jury. The concluding sentence did not constitute an instruction that the jury must disregard the entire testimony of a witness who had in any respect testified untruthfully, the jury was left at liberty to determine whether the entire testimony of the witness should be disregarded. This instruction was entirely different from that which was held improper in Commonwealth v. Ieradi, 216 Pa. 87; and Commonwealth v. Levine, 74 Pa. Superior Ct. 491. In Commonwealth v. Ieradi, supra, it was said: ''The rule is, that if a witness wilfully and corruptly swears falsely to any material fact in a case, the jury are at liberty to disregard the whole of his testimony. But the correct principle goes no further than to say that the jury may disregard the testimony, not that they must disregard it.'' The instruction here complained of did not offend against this rule, and the assignment of error is dismissed.

The defendant kept a hotel. It was an undisputed fact at the trial that the officers who executed the search warrant found in the room next to the bar room two large glass bottles each containing five gallons of wine and one three gallon jug almost full of such wine There was no dispute under the testimony that this wine was an intoxicating liquor. They also found in the kitchen, which adjoined the dining room, a two gallon glass bottle more than half full of moonshine whisky, which was clearly established to be an intoxicating liquor fit for beverage purposes. The Act of March 27, 1923, P. L. 34, sec. 4, under which the defendant was indicted, provides that: ''Proof of the possession of such intoxicating liquor shall be prima facie evidence that the same was acquired, possessed, and used in violation of this Act,'' and in section 13

provides: "In any prosecution under this Act when proof has been given in evidence of the......possession,......of any intoxicating liquor, the same shall be prima facie evidence that the same was so......possessed,......for beverage purposes." It may well be doubted whether this appellant was within the provision of that part of section 4 of the statute which provides that: "It shall not be unlawful, however, to possess intoxicating liquor for beverage purposes in one's bona fide private dwelling, while the same is occupied and used by him as his dwelling only, provided such liquor was lawfully acquired prior to the passage of this Act," etc., for according to the defendant's own testimony he was conducting a hotel there and the wine was found in the room next to the bar room. The learned judge of the court below, however, gave the defendant the benefit of any doubt on this question and affirmed the first point submitted by the defendant, which in effect charged the jury that if the wine seized in defendant's dwelling was manufactured by defendant from the fruit juice of grapes in the year 1922 and by natural fermentation subsequently became intoxicating at the time of the seizure, and was manufactured by defendant and exclusively used by himself and family as a beverage in his private dwelling, that he could not be convicted under the indictment. The learned judge also affirmed the second point for charge submitted by the defendant, which instructed the jury that if the whisky seized was not the property of the defendant or in his possession or under his control, but that the same was possessed and being used by the defendant's wife for medicinal purposes, as testified to by the wife, then the defendant was not in legal possession of said whisky and could not be convicted of the possession thereof. These instructions were certainly as favorable to the defendant, as he had any legal right to require. Under the provisions of the statute proof of the possession of intoxicating liquor

is prima facie evidence that it is possessed for beverage purposes (sec. 13) and that it is possessed in violation of the Act (sec. 4); Commonwealth v. Mazarella, 86 Pa. Superior Ct. 385. This appellant was admittedly the master and in absolute control of the place where the liquor was found; this was a circumstance which, if unexplained, would warrant the jury in finding that the liquor was in his possession: Commonwealth v. Dombkowski, 86 Pa. Superior Ct. 468. The assignments of error are overruled.

The judgment is affirmed and the record remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.