## Commonwealth v. Strohman

*Howard O. Lantz*, for Commonwealth.
*Robert Stuckenrath*, for defendant.

UTTLEY, P. J., October 14, 1937.—This is a motion to quash the indictment in the above case for the reason that the proceedings prior to indictment did not comply with the jurisdictional requirements set forth in sections 1 and 2 of the Act of July 10, 1935, P. L. 643, 19 PS §§ 29, 30, in that the justice of the peace did not ask for the names and addresses of any persons whom defendant desired to be notified of the time of his trial and did not note upon the record and make a part of his transcript such names and addresses, and the district attorney did not mail postcard notices of the time fixed for such trial to any such persons.

There is no mention in the transcript of the matters complained of in defendant's motion to quash. The transcript states that on August 14, 1937, defendant was arrested and brought up for hearing, but because of his apparent intoxicated condition the hearing was continued until August 16, 1937, when defendant appeared and

waived a hearing and entered bail in the sum of $500 for his appearance at the next term of court. The transcript gave the names and addresses of the witnesses for the Commonwealth and the witnesses for defendant.

No depositions were taken in the case and there is nothing to show that the justice failed to ask the questions required by the act of assembly above referred to, or that defendant gave him names of any persons whom he desired to be notified. The record is likewise silent as to the postalcard notices from the district attorney, although it was admitted in the argument that the district attorney sent such notice to defendant at the address given in the transcript.

The information was made on August 14, 1937, and on August 16, 1937, defendant waived a hearing and gave bail for his appearance at the next term of court, beginning August 30, 1937, when a true bill of indictment was found and returned by the grand jury. Defendant was out on bail and had 14 days within which to raise any question as to the matter of procedure preliminary to the finding of the bill of indictment. It is the duty of defendant to raise such objection promptly. It is too late after indictment to raise the objections to the matters of procedure, preliminary to the finding of the bill, which are presented in defendant's motion to quash: Commonwealth v. Taylor, 65 Pa. Superior Ct. 113; Commonwealth v. Murawski, 101 Pa. Superior Ct. 430.

It is well settled that where a defendant has had or waived a preliminary hearing, has given bail for court and has been regularly indicted by a grand jury upon examination of witnesses, it is then too late to question the sufficiency or regularity of proceedings prior to the indictment. In case defendant feels himself to be aggrieved in such circumstances, his proper remedy is by proceedings to be discharged from custody upon the ground of illegal commitment, and not by motion to quash the indictment: Commonwealth v. Brennan, 193 Pa. 567; Com-

monwealth v. Dingman, 26 Pa. Superior Ct. 615; Commonwealth v. Hans, 68 Pa. Superior Ct. 275; Commonwealth v. Keegan (No. 1), 70 Pa. Superior Ct. 436; Commonwealth v. Mazarella, 86 Pa. Superior Ct. 382; Commonwealth v. Fedulla, 89 Pa. Superior Ct. 244.

For the reasons above given, defendant's motion to quash the indictment in the within case will have to be refused.

### Decree

Now, October 14, 1937, after argument and upon due consideration, defendant's motion to quash the indictment in the within case is hereby refused, and the within case is hereby ordered to be brought on for trial at the next term of the court of quarter sessions.