## Commonwealth v. Beerson et al.

*William B. McClenachan, Jr.*, district attorney, and *Louis A. Bloom*, assistant district attorney, for Commonwealth.

*Joseph W. deFuria*, for defendants.

MACDADE, P. J., March 15, 1943.—There has been a motion to quash the indictments against the above defendants, some at least, upon the following grounds:

(1) Because the information was sworn to on Sunday, January 24, 1943; (2) because the warrant was issued and executed on Sunday, January 24, 1943; (3) because defendants were arrested and taken into custody on Sunday, January 24, 1943; (4) because the preliminary hearing was held before Magistrate R. Robinson Lowry and defendants held for court on Sunday, January 24, 1943.

In viewing the transcripts returned in nos. 210 and 211, March sessions, 1943, the record does not show the above, but, to the contrary, the information was sworn to, warrants issued, and hearings had on a day other than Sunday. The record also shows that the indictments were found by the grand jury upon presentation of the same by the district attorney with special leave of the court.

The district attorney, therefore, acted upon his own initiative, and whatever defects there were, if any, are now overcome by a special allowance.

However, these defendants gave bail to appear at the approaching term of court. Their doing so waives any objections to the regularity of the proceedings. If the question were to be raised as to any irregularity in the proceedings, it could have been raised by obtaining writs of habeas corpus or by motions to quash the return of transcript of the committing magistrate.

As to the indictment at no. 212, March sessions, 1943, special leave was granted to the district attorney by the court to submit the bill to the grand jury. The district attorney acting upon his own initiative and ignoring the transcript for the purpose of presenting an indictment, the objections are therefore useless, even if sound, which we do not admit.

How can these indictments be quashed? There is nothing vague about them nor is there any formal defect: Criminal Procedure Act of March 31, 1860, P. L. 427, sec. 11; Commonwealth v. Speiser, 79 Pa. Su-

perior Ct. 469; Commonwealth v. Carlucci, 48 Pa. Superior Ct. 72.

After indictment and entry of bail, objections to the magistrate's transcript or to the affidavit on which the warrant was issued cannot be raised on motion to quash: Commonwealth v. Costello et al., 18 Dist. R. 1067; Commonwealth v. Williams, 12 D. & C. 423; Commonwealth v. Ettinger (No. 2), 37 Pa. C. C. 611; Commonwealth v. Dingman, 26 Pa. Superior Ct. 615; Commonwealth v. Brennan, 193 Pa. 567; Commonwealth v. Mallini, 214 Pa. 50; Commonwealth v. Williams, 54 Pa. Superior Ct. 545; Commonwealth v. Kipnis, 26 Dist. R. 927.

A person charged with a criminal offense may raise any question touching the legality of his arrest upon a proceeding to be discharged from custody; but after indictment found such question cannot be raised on a motion to quash: Commonwealth v. Hans, 68 Pa. Superior Ct. 275.

Nor can he do so if he has given bail to answer: Commonwealth v. Keegan, 70 Pa. Superior Ct. 436.

All the defendants gave bail to answer the charges at the next term of the court of quarter sessions.

Where it is moved to quash an indictment for selling liquor without a license and operating a disorderly house on the ground that the information was issued on Sunday and a hearing held the same day, it has been held that the Commonwealth has not by the Act of 1705 paralyzed its own agencies and enfranchised crimes to the extent that might enable criminals to escape before a warrant could be served on a working day: 2 Maurer on Criminal Law 1266; Commonwealth v. Overton et al., 17 Luz. 253.

"1. A police officer may, under section 60 of the Criminal Code of March 31, 1860, P. L. 382, make an arrest for a violation of the gaming laws committed in his presence, with or without a warrant, regardless of

whether the offense amounts to a breach of the peace or not.

"2. A police officer may properly on Sunday make an arrest for sale of intoxicating liquor on Sunday to nonmembers of a club, since under section 608(*a*) of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, such sales constitute a breach of the peace.

"3. Section 4 of the Act of 1705, 1 Sm. L. 25 [sec. 4, 44 PS 330, §1], prohibiting the service of a warrant on Sunday except in case of treason, felony or breach of the peace, does not apply to an arrest without warrant on view.

"4. Even though a defendant may have been irregularly arrested on Sunday, his entry of recognizance for his appearance and trial in court under the provisions of section 1 of the Act of March 24, 1937, P. L. 105, waives any defect or irregularity in the arrest for the reason that, after having entered bail, defendant is held by force of the recognizance and not by virtue of the arrest.

"5. Where a defendant arrested on Sunday presents a petition for discharge three days before the convening of the grand jury, and the petition does not request a stay of proceedings nor does a rule granted thereon contain an order for such stay or act as a supersedeas, and the grand jury returns a true bill against the defendant before the return day of the rule and before any answer has been filed thereto or argument had thereon, the indictment will stand regardless of any action upon the petition": Commonwealth v. Wingel et al., 32 D. & C. 75 (syllabus).

"Where a defendant has had a preliminary hearing, has given bail for court, and has been regularly indicted by a grand jury upon examination of witnesses, it is then too late to question the sufficiency or regularity of proceedings prior to the indictment. In case defendant feels himself to be aggrieved in such circum-

stances, his proper remedy is by proceedings to be discharged from custody upon the ground of illegal commitment, and not by motion to quash the indictment": Commonwealth v. Murawski, 101 Pa. Superior Ct. 430; see also Commonwealth v. Russel et al., 44 D. & C. 474.

In the latter case, it was decided (Hargest, P. J.) that where a defendant charged with illegal sales of alcoholic beverages enters bail he cannot, after an indictment has been found against him, move to quash it on the ground that a search warrant upon which the execution was based was served on a Sunday in violation of section 4 of the Act of 1705, 1 Sm. L. 25.

The law, as stated in Commonwealth v. Keegan (No. 1), 70 Pa. Superior Ct. 436, 438, is now so well settled as to be open to no further doubt:

". . . a defendant in a criminal case may 'raise any questions touching the legality of his arrest [such as an arrest without a proper warrant] upon a proceeding to be discharged from custody, but if he has given bail to answer the charge, he cannot after indictment found raise such questions by motion to quash'."

This principle has been applied in all kinds of cases from the illegal possession of liquor: Commonwealth v. Geibel, 45 Montg. 126; Commonwealth v. Fedulla, 89 Pa. Superior Ct. 244; to murder: Commonwealth v. Mallini, 214 Pa. 50. See also Commonwealth v. Brennan, 193 Pa. 567.

In the case of Commonwealth v. Strohman, 30 D. & C. 505, Uttley, P. J., said (p. 506):

"It is well settled that where a defendant has had or waived a preliminary hearing, has given bail for court and has been regularly indicted by a grand jury upon examination of witnesses, it is then too late to question the sufficiency or regularity of proceedings prior to the indictment. In case defendant feels himself to be aggrieved in such circumstances, his proper remedy is by proceedings to be discharged from custody upon the ground of illegal commitment, and not by motion to

quash the indictment: Commonwealth v. Brennan, 193 Pa. 567; Commonwealth v. Dingman, 26 Pa. Superior Ct. 615; Commonwealth v. Hans, 68 Pa. Superior Ct. 275; Commonwealth v. Keegan (No. 1), 70 Pa. Superior Ct. 436; Commonwealth v. Mazarella, 86 Pa. Superior Ct. 382; Commonwealth v. Fedulla, 89 Pa. Superior Ct. 244."

See also Commonwealth v. Greenberg, 136 Pa. Superior Ct. 32, 35, n. 1, Commonwealth v. Murawski, 101 Pa. Superior Ct. 430, Commonwealth v. Lingle, 120 Pa. Superior Ct. 434, and Commonwealth v. Strantz, 137 Pa. Superior Ct. 472.

In view of the unbroken line of authorities, it would serve no good purpose to enter into refinements attempting to make exceptions to this rule, such as urged upon us by defendant, that where the statute provides that the warrant shall be void the rule should not be applied. We find no exceptions in any of the authorities as to the application of the rule. We are bound by the law as we find it to be announced by the appellate courts.