## Commonwealth v. Pomrinke

*Willard S. Curtin*, district attorney, for Commonwealth.

*William M. Power*, for defendant.

BIESTER, J., March 9, 1953.—This matter is before us by reason of defendant's counsel having filed a "motion to quash proceedings prior to those before the committing justice of the peace, those before the committing justice of the peace, and those subsequent

to the proceedings before the committing justice of the peace," and seeking the discharge of defendant and his release from bail.

The reasons assigned in support of the motion are all dehors the record, being set forth in the unsworn motion as embellished and enlarged upon in the brief filed by counsel in support of the motion.

At argument it was counsel's contention that, by reason of certain alleged irregularities attendant upon but subsequent to defendant's arrest, he should now be released from bail and discharged without recourse by the Commonwealth to further proceeding against him.

A careful search of the law reveals no precedent for this singular remedy nor has any been furnished to us by counsel.

Perhaps there is no phase of criminal procedure so uncertain and confused as that having to do with remedies available to a defendant subsequent to his having been held for court and prior to the finding of a bill of indictment against him.

Our appellate courts consistently hold that after indictment found any question touching upon the legality of the arrest cannot be raised by a motion to quash: Commonwealth of Pennsylvania v. Brennan, 193 Pa. 567; Commonwealth v. Lingle, 120 Pa. Superior Ct. 434; Commonwealth v. Murawski, 101 Pa. Superior Ct. 430; Commonwealth v. Fedulla, 89 Pa. Superior Ct. 244; Commonwealth v. Keegan (No. 1), 70 Pa. Superior Ct. 436; Commonwealth v. Hans, 68 Pa. Superior Ct. 275; Commonwealth v. Dingman, 26 Pa. Superior Ct. 615.

Such cases have suggested that the proper action, when one questions the legality of the arrest, is by a proceeding to discharge defendant and release him from his recognizance, and that such action should be taken prior to indictment.

The language used in Commonwealth v. Fedulla, supra, is illustrative of this position, the court saying, at page 246:

"It thus appeared that there was ample time, before indictment found, for the defendant to challenge the legality of his arrest and being held for trial to answer the charge by a proceeding to be discharged from custody, or to be released from his recognizance and discharged without day."

We must, therefore, agree that our appellate courts have used expressions indicating that such proceedings are open to a defendant prior to indictment. Nevertheless, we have found no case in which either of our appellate courts has directly passed upon the legality of such a proceeding.

In Commonwealth of Pennsylvania v. Gates, 98 Pa. Superior Ct. 591, the question is discussed, but undecided. The court's opinion, however, throws grave doubt on the validity of such a proceeding, holding that there is authority for the position that such questions must be raised by habeas corpus proceeding and that when defendant has given bail he has waived his right to move to quash.

The only case we have been able to discover which directly decides the question is that of Commonwealth v. Kardosh, 9 D. & C. 812, the court there holding by Stewart, P. J., that there was no such proceeding known to the law and that reference to a proceeding to be discharged, as referred to in the cases heretofore cited, contemplates a habeas corpus proceeding where defendant is in actual custody.

This position is partially sustained by such cases as Commonwealth v. Magid and Dickstein, 91 Pa. Superior Ct. 513; Commonwealth v. Mazarella, 86 Pa. Superior Ct. 382; Commonwealth v. Hill, 166 Pa. Superior Ct. 388, to the effect that the entering of bail

for appearance waives any irregularity which might have existed in connection with the arrest.

In the latter case the court says, page 393:

"Finally, appellant contends that his arrest was illegal in that it was not an arrest 'on view' within the meaning of the law. We need not pass upon this issue for appellant posted bond for a hearing. By so doing he waived any irregularities which might have existed in the arrest. In Commonwealth v. Gates, 98 Pa. Superior Ct. 591, this court reviewed the many authorities considering the effect of entering bail for appearance. It is clear that an infirmity in the arrest, if any there was, should have been raised in a proceeding to be discharged; having posted bond for appearance such defects must be deemed to have been waived. See Commonwealth v. Keegan, 70 Pa. Superior Ct. 436."

Whether or not such a proceeding as that pursued in the present case is one recognized in the law, we find no case, nor suggestion by any court, to the effect that the discharge of defendant from his recognizance would result in such a complete and final disposition of the charge as to bar the Commonwealth from bringing about his rearrest or pursuing any other remedy it might have against him.

Since there is no attack upon the record itself, the question also arises as to the propriety of our considering matters dehors the record in such a situation as presents itself in this case. We agree that there are exceptional circumstances which may justify the court in considering such matters upon a motion to quash. These cases, however, are limited to unusual situations, particularly those involving the procedure before the grand jury, the method of impaneling the grand jury and, under some conditions, the legality of the arrest itself. Strictly speaking, in the case now before us, there is no attack upon the arrest, since the matters

complained of arose immediately subsequent thereto. In any event, we do not regard the instant case as presenting such a unique and singular situation as to require us to enter into a preliminary hearing for the purpose of determining the truth or falsity of the allegations set forth in the motion.

Reference to these allegations discloses that they are devoted to a criticism of the justice of the peace and the arresting officers, in that it is alleged that the defendant was not permitted to communicate with his counsel immediately upon his arrest and that he was not advised of his right to release on bail pending a hearing.

It would be manifestly unfair for us to assume, without hearing, that defendant was refused his right to communicate with counsel of his own choosing when under arrest. If such a situation did occur, or has occurred in this or any other case, this opinion is not to be construed as condoning it.

We may call attention to the fact, however, that it appears from the record of the case that the arrest took place at 1:55 in the morning and that defendant was released upon his own recognizance at 11 o'clock on the same morning, he then having the benefit of counsel. A full and complete hearing was subsequently held, at which time defendant was represented by his attorney.

We conclude, without passing upon the validity of the motion itself, that it is not available for the purpose sought. Further, that although there are instances in which the court may consider matters dehors the records, in connection with a motion to quash, the present case is not within this class.

Now, to wit, March 9, 1953, for the reasons herein set forth, the motion to discharge defendant and release him from his recognizance is dismissed and discharged at the cost of defendant.