J-A28042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                         :   PENNSYLVANIA
                                         :
               v.                           :
                                         :
                                         :
DOLPHUS OTIS FUDGE                :
                                         :
           Appellant            :   No. 1582 MDA 2020

Appeal from the PCRA Order Entered November 20, 2020
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0002236-2017

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:       **FILED:  NOVEMBER 16, 2021**

Appellant Dolphus Otis Fudge appeals from the Order entered in the Court of Common Pleas of Cumberland County on November 20, 2020, denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]   We affirm.

This Court set forth the underlying facts and procedural history on direct appeal as follows:

> In the evening of June 27, 2017, Pennsylvania State Trooper Dabrowski, observed a commercial tractor trailer driving unlawfully in the left lane of Interstate 81 in Cumberland County. Following this commercial vehicle, Trooper Dabrowski followed the vehicle and clocked it traveling at seventy-five miles per hour in a posted sixty-five miles-per-hour zone. He further observed the vehicle swerve in front of and nearly strike a pickup truck driving

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa. C.S.A. §§ 9541-9546.

in the middle lane. Trooper Dabrowski activated his emergency lights and initiated a traffic stop of the tractor trailer.

As he approached the vehicle, which was occupied by Appellant and a female passenger, the trooper smelled burnt marijuana emanating from the cab. At Trooper Dabrowski's request, he and Appellant conversed outside the cab.

Appellant suggested that his passenger had been smoking marijuana. However, Trooper Dabrowski observed that Appellant's pupils were dilated and did not constrict when light hit them. In addition, he observed that Appellant continuously ground his teeth. Based on these observations, Trooper Dabrowski believed that Appellant was under the influence of some kind of stimulant.

Appellant agreed to submit to field sobriety testing. As a result of this testing, Trooper Dabrowski noted that Appellant had a "sped-up body clock and eyelid tremors." *Id.* at 3. Trooper Dabrowski concluded that Appellant was operating the tractor trailer while under the influence of marijuana and/or some other stimulant and placed Appellant under arrest.

Trooper Dabrowski requested backup, including a K-9 unit, to assist in his warrantless search of the tractor trailer. Trooper Dabrowski and a canine handler subsequently searched the cab and found a loaded 9mm handgun, a separate magazine for the firearm, marijuana, methamphetamine, and various items of drug paraphernalia. Thus, in addition to a charge of DUI, Appellant incurred charges related to the drugs and firearm.

Thereafter, Appellant filed a Motion to Suppress seeking, *inter alia*, the suppression of physical evidence seized from the cab of the tractor trailer. *See* Omnibus Motion, 9/22/17, at 2-3 (unpaginated). According to Appellant, police lacked probable cause to conduct a warrantless search of the cab. *Id.* Following a hearing, the lower court denied Appellant's Motion to Suppress. Suppression Ct. Order, 1/25/18.

In March 2018, a jury trial commenced. At the close of testimony, the court instructed the jury on all offenses, including the DUI. Following deliberations, the jury convicted Appellant of Firearms Not to be Carried Without a License, Possession of a Controlled Substance (methamphetamine), and Possession of Drug Paraphernalia (glass pipes associated with smoking methamphetamine). N.T. Trial, 3/20/18, at 155-56. However, the jury informed the court that it was unable to reach a unanimous verdict on the DUI charge. *Id.* at 156-57. The trial court instructed the jury to leave its verdict sheet blank for that charge. Over Appellant's objection, the court then *sua sponte* entered a verdict

> of guilty for DUI and the summary traffic violations. ***Id.*** at 154-55.
>
>         Following a presentence investigation, the court imposed a sentence as indicated above, in addition to various costs and fines. Appellant did not file a post-sentence motion but timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The trial court issued a responsive Opinion.

***Commonwealth v. Fudge***, 213 A.3d 321, 325–26 (Pa.Super. 2019), *appeal denied*, 222 A.3d 747 (Pa. 2019) (footnotes omitted).  This Court vacated Appellant's judgment of sentence as to the DUI charge and affirmed his other convictions and the sentences imposed thereon. ***Id.*** at 33.

On July 20, 2020, Appellant filed a PCRA petition *pro se*.  Counsel was appointed and filed an amended PCRA petition on November 9, 2020. Following a hearing, the PCRA court denied the PCRA petition in its Order entered on November 20, 2020.

Appellant filed a timely notice of appeal on December 22, 2020.[2]  The PCRA court did not order Appellant to file a concise statement of matters

---

[2] By order of January 21, 2021, this Court directed Appellant to show cause why the appeal should not be quashed as untimely filed because a notice of appeal must be filed within 30 days of the entry of the order being appealed. ***See*** Pa.R.A.P. 903(a); ***Commonwealth v. Moir***, 766 A.2d 1253 (Pa. Super. 2000). Appellant filed a timely response on January 29, 2021, asserting that the Cumberland County Court of Common Pleas issued an Administrative Order limiting access to the trial court through January 19, 2021, due to COVID-19. The order stated that while criminal filings may be made in person, it encouraged filings made by mail or electronic means. Counsel asserted that the notice of appeal was mailed by overnight mail on December 16, 2020, which guaranteed delivery by December 17, 2020. Counsel attached the tracking for the parcel, which indicates it was delivered on December 21, 2020, but it was not time-stamped until December 22, 2020. Moreover,
*(Footnote Continued Next Page)*

complained of on appeal, and Appellant did not file a concise statement. Notwithstanding, the PCRA court filed its Opinion Pursuant to Pa.R.A.P. 1925(a) on June 22, 2021.

Appellant raises two issues for our review:

I.    Whether the PCRA court erred in denying Appellant relief based upon Appellant's claim that the Commonwealth violated Appellant's Fourteenth Amendment due process rights when it knowingly presented or failed to correct false testimony in a criminal proceeding?

II.    Whether the PCRA court erred in denying Appellant relief based upon Appellant's claim that trial counsel was ineffective by failing to adequately protect Appellant's due process rights?

Brief for Appellant at 5.

Appellant argues he was denied due process when the Commonwealth presented the testimony of Pennsylvania State Trooper Chester Dabrowski at trial because the trooper had testified falsely at the suppression hearing that a search of Appellant's tractor cab was performed by a canine unit. Appellant contends that trial counsel failed to protect his due process rights when she failed to object to the trooper's trial testimony, despite counsel's knowledge that Trooper Dabrowski previously had given testimony which dash cam video proved to be false.

---

counsel notes that the Cumberland County Courthouse closed early on December 16, 2020, and remained closed on December 17, 2020, due to severe weather. Accordingly, counsel asserts that appeal was timely filed, and, due to the extenuating circumstances, we deem it to be so.

This Court's standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the PCRA court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). We grant great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). However, this Court does not give the same deference to the PCRA court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190 (Pa.Super. 2012).

Pennsylvania law presumes counsel has rendered effective assistance. **Commonwealth v. Williams**, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, a petitioner is required to demonstrate the underlying claim is of arguable merit, counsel had no reasonable strategic basis for his action or inaction, and but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. **Commonwealth v. Kimball**, 555 Pa. 299, 724 A.2d 326 (1999). A petitioner's failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. **Williams, supra**.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit...." **Commonwealth**

*v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce,* at 524, 645 A.2d at 194-95 (internal citations omitted). As a general rule, counsel should not be held ineffective without first having an opportunity to address the accusation in some fashion. *Commonwealth. v. Colavita*, 606 Pa. 1, 34, 993 A.2d 874, 895 (2010) (internal citations omitted).

"A finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Howard*, 553 Pa. 266, 274, 719 A.2d 233, 237 (1998).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

In addition, issues previously raised and litigated on direct appeal are not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(3) (providing that a petitioner must plead and prove by a preponderance of the evidence that the allegation of error has not been previously litigated); *see also Commonwealth v. Spotz*, 18 A.3d 244, 281 (Pa. 2011) (recognizing that a claim that has been previously litigated is not cognizable under the PCRA). Furthermore, an issue a petitioner could have raised "before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding[,]" but failed to raise, is waived. 42 Pa.C.S.A. § 9544(b).

In disposing of the issues Appellant presents herein, the PCRA court reasoned as follows:

> Both the Commonwealth and [Appellant's] counsel questioned trial counsel concerning Trooper Dabrowski's testimony at trial. Trial counsel testified that she filed a suppression motion and corresponding brief in which she addressed the credibility issue concerning the trooper's testimony.[1] The presiding judge found it immaterial that the trooper testified falsely at the suppression hearing.[2] When she raised that same issue on direct appeal, the Superior Court agreed with the suppression court that the false testimony was immaterial.[3]
>
> Trial counsel further testified that she did not call the canine officer at trial because she did not believe there would have been any benefit from it.[4] She explained that Trooper Dabrowski did not give the same false testimony at trial as he did at the suppression hearings. She did not need the canine officer to impeach him.[6] Nor did she want to. She felt that the trooper's trial testimony was good for [Appellant].[7] She did not impeach him with his suppression testimony in order to keep him seemingly friendly to [Appellant] and non-confrontational in the eyes of the jury.[8] She also did not want to highlight the trooper's finding of the gun in the cab itself. She instead wanted to keep the jury's attention on

- 7 -

the details that the gun was found with the female passenger's belongings, without interrupting that attention to detail.[9]

After hearing the testimony, we found that trial counsel's decision not to call the canine officer or to use the trooper's suppression testimony to impeach him was based upon sound trial strategy. Therefore, we determined that [Appellant's] first claim of ineffectiveness did not warrant relief.[3]

\*\*\*

Here, [Appellant] raised a claim concerning the Commonwealth's use of false testimony, which we construed as falling under Section 9543(a)(2)(i). We dismissed this claim because trial counsel raised and litigated the claim at pre-trial proceedings and on appeal. The higher court denied relief on the claim.[11] Therefore, the claim was barred as it had been previously litigated.

\*\*\*

While the claim concerning trial counsel's failure to impeach Trooper Dabrowski had arguable merit, we denied relief because we were satisfied that trial counsel had a reasonable basis for her decision. She articulated a reasonable strategy which entailed keeping the trooper friendly and non-confrontational in the eyes of the jury so that she could focus the jury on the details of his testimony that favored [Appellant]. [13] Particularly, she wanted the jury to focus on his testimony that he found the gun and other contraband with the belongings of his female passenger. [14] Calling the canine officer or using the suppression testimony to impeach the trooper would have been counter-productive to that trial strategy.

_____

[1] Transcript of Proceedings, In Re: Post-Conviction Relief Act, November 13, 2020, at 18:11-21.
[2] Tr. at 15:18-16:3.
[3] Tr. at 19:17-21.
[4] Tr. at 20:19-23.
[5] Tr. at 20:4-11.

_____

[3] Although the PCRA court discussed an additional ineffectiveness claim in its Rule 1925(a) Opinion, Appellant presents only a single claim of trial counsel's ineffectiveness for our review in his appellate brief.

[6] Tr. at 20:19-23.
[7] *Id*.
[8] Tr. At 21: 18-22.
                    \*\*\*
[11] *See Commonwealth v. Fudge*, 213 A.3d 321 (Pa.Super. 2019), appeal denied, 222 A.3d 747 (Pa. 2019).
                    \*\*\*
[13] Tr. At 2o:4-21:22.  Trial counsel did not see the need to impeach the trooper because he testified differently than he did at the suppression hearing and she found it helpful to her defense. Additionally, [Appellant] did not ask her to call the canine officer at trial.  Tr. At 16:10-17:3.
[14] *Id*.

PCRA Court Opinion, filed 6/22/21, at 2-3, 4-5.  Following our review of the record, we discern no legal error.

Appellant posits this Court addressed Trooper Dabrowski's testimony only as it related to the suppression hearing; therefore, the PCRA court erred in finding his first issue to have been previously litigated.  Brief of Appellant at 12.  In doing so, Appellant relies upon the following statement from our Opinion on direct appeal.

> Because Trooper Dabrowski gave demonstrably false testimony, Appellant suggests the suppression court should have rejected his testimony in its entirety. We disagree. As noted by the suppression court, the discrepancies in Trooper Dabrowski's testimony were not material, "inasmuch as the validity of the search depended upon the existence of probable cause [that Appellant had committed a crime] and not on the instrumentality by which it was conducted." Suppression Ct. Op. at 9. Thus, we will not disturb the court's credibility determination.

Brief of Appellant at 11 quoting **Commonwealth v. Fudge**, 213 A.3d 321, 327, (Pa.Super. 2019), *appeal denied*, 222 A.3d 747 (Pa. 2019).  However, the entirety of this Court's analysis in this regard reads as follows:

Here, Appellant asserts that Trooper Dabrowski did not testify truthfully at the suppression hearing. For example, Appellant points to direct testimony by the trooper, indicating that no search of the vehicle occurred before the arrival of the K-9 unit and that he did not search the vehicle until the canine alerted him to the presence of drugs. Appellant's Br. at 15-16 (quoting N.T. Suppression at 8-11). However, Trooper Dabrowski conceded on cross-examination that he and the K-9 handler first conducted a protective sweep of the cab to ensure the canine's safety. *Id.* at 16-17 (quoting N.T. Suppression at 21-22). As a result of this initial sweep, the police discovered the contraband. Further, Appellant introduced video evidence confirming that Trooper Dabrowski searched the cab and seized contraband without the assistance of the canine. *Id.*

Because Trooper Dabrowski gave demonstrably false testimony, Appellant suggests the suppression court should have rejected his testimony in its entirety. We disagree. As noted by the suppression court, the discrepancies in Trooper Dabrowski's testimony were not material, "inasmuch as the validity of the search depended upon the existence of probable cause [that Appellant had committed a crime] and not on the instrumentality by which it was conducted." Suppression Ct. Op. at 9. Thus, we will not disturb the court's credibility determination. Camacho, 625 A.2d at 1245; *see also Commonwealth v. Ieradi*, 216 Pa. 87, 64 A. 889, 889 (1906) (noting that the principle, "*falsus in uno*, *falsus in omnibus*," *i.e.*, "false in one, false in all," permits but does not require a fact finder to reject the testimony of a witness who "willfully and corruptly swears falsely to any material fact in a case").

*Fudge, supra* at 327.

This Court found any discrepancies in Trooper Dabrowski's testimony to be *immaterial*, not false, and did not limit that finding to only his testimony at the suppression hearing. We also stressed that Appellant had brought this discrepancy to the Trooper's attention, after which he acknowledged his direct examination testimony had been erroneous. As such, the trial court correctly determined this issue has been previously litigated.

- 10 -

Notwithstanding to the extent that Appellant attempts to avoid the PCRA's prohibition against relitigating previously litigated claims by arguing this Court's holding was limited to suppression hearing testimony, Appellant has waived this argument by not raising it at trial or on direct appeal. *See* 42 Pa.C.S.A. § 9544(b). Therefore, even if Appellant had not previously litigated this claim, he would not be entitled to relief under the PCRA.

Moreover, even if Appellant had preserved this issue for review, there is no merit to his claim that his conviction was "obtained through the knowing use of false testimony." Brief of Appellant at 12. It was undisputed at the suppression hearing that a canine unit was present at the scene; however, Appellant established on cross-examination that the canine was not utilized in the initial search inside the cab of the tractor trailer. Trooper Dabrowski conceded he had testified erroneously when this was called to his attention. N.T. Hearing, 12/7/17, at 22-23.

Importantly, Trooper Dabrowski did not testify at trial that the canine unit had performed the initial search. Thus, Appellant simply cannot demonstrate that the minor discrepancy in Trooper Dabrowski's suppression hearing testimony affected the outcome of his trial.

Appellant also has failed to establish that trial counsel had been ineffective in objecting to Trooper Dabrowski's trial testimony. Counsel testified at the PCRA hearing as to her trial strategy, which the PCRA court found to be reasonable. Aside from his bald allegations, Appellant has failed

to establish that trial counsel's actions had an adverse effect on the outcome of his trial. **Chambers**, **supra**. Appellant also has failed to show that an alternate course not chosen by counsel would have been more successful. **Howard**, **supra**. We agree with the PCRA court's analysis, and, accordingly, we affirm.

Order affirmed.

Judge Lazarus joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2021